IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RURAL WATER DISTRICT NO. 6, ) <br> WAGONER COUNTY, OKLAHOMA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.                                                                        ) <br> ) <br> CITY OF WAGONER, AND WAGONER ) <br> PUBLIC WORKS AUTHORITY, ) <br> ) <br> Defendants. ) | Case No. 24-cv-40-RAW-DES |

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Motion to Amend Scheduling Order and Reset Trial. (Docket No. 39). On February 5, 2024, an election of the District Judge Option pursuant to LCvR 40.1(c) was received, and this case was assigned to District Judge Ronald A. White. (Docket No. 9). On February 6, 2024, Judge White referred this case to Magistrate Judge D. Edward Snow for all pretrial and discovery matters pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 10). Accordingly, an in person Scheduling Conference was held on April 25, 2024, in which Magistrate Judge, D. Edward Snow reviewed the parities Joint Status Report (Docket No. 16) and entered a Scheduling Order pursuant to the deadlines set forth by the parties. (Docket No. 20). During the Scheduling Conference, Magistrate Judge Snow discussed with counsel for both parties the option to consent to the Magistrate pursuant to Fed. R. Civ. P 73 and LCvR 73.1 and the benefits in schedule flexibility, trial time, and the ability to receive a first up trial setting that could occur with a Magistrate Judge that, unfortunately due to the exigencies

1

of the District Court's calendar amid the ongoing *McGirt* crisis, a District Judge was less likely to accommodate[1].

Despite this, on March 28, 2025, the parties filed a Joint Motion for Court to Clarify Pretrial and Jury Trial Setting seeking clarification from the Court as to whether the Pretrial and Trial date[2] set in the filed Scheduling Order would actually proceed as scheduled. (Docket No. 34). While the parties did note in the body of their Motion to Clarify that they would be open to extending the deadlines in the current Scheduling Order, they did not formally make that request. *Id.* at 2. On April 9, 2025, Magistrate Judge Snow entered a Minute Order indicating that the deadlines entered in the Scheduling Order stand, including the Pretrial Conference and Jury Trial date as set. (Docket No. 38).

On April 18, 2025, the Parties filed the Motion to Extend Scheduling Order dates requesting that the deadline for discovery be extended by "at least 90 days (until September 1, 2025), or a longer time period . . ." (Docket No. 39 at 2). The parties note that this "extension of discovery would *require* moving the Pretrial Conference presently set for July 17, 2025 and the jury trial setting of August 5, 2025." *Id.* (emphasis added). Furthermore, the parties "respectfully request that this Court move the trial date from August 5, 2025 to an available trial docket in 2026 *(on a first up setting if possible)*." *Id.* (emphasis added). While the Court recognizes that discovery

---

[1] Specifically, the Northern and Eastern Districts of Oklahoma have unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). *McGirt* caused an immediate increase of nearly 200% in the number of criminal cases filed in the Northern District and more than 400% in the Eastern District. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. This extraordinary number of criminal cases thrust into federal court, virtually overnight, is unlike anything ever seen in this Country's history. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt*. *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022). Numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases), *aff'd* 76 F.4th 1007 (10th Cir. 2023).

[2] The pretrial conference date was set for July 17, 2025 and the Jury Trial date was set for August 5, 2025.

can reveal new complexities, it is the Parties' responsibility to anticipate such issues early and communicate their need for adequate discovery time during the Scheduling Conference. In their Motion, the Parties concede that discovering additional disputed customers beyond those initially identified is a common and foreseeable development. *Id*. at 1. This underscores the very purpose of the Scheduling Conference—to address case complexities and establish realistic timelines. The circumstances now cited as grounds for delay should have been anticipated and raised earlier.

The more significant concern, though not explicitly stated by the Parties, is their request to reset both the Pretrial Conference and Trial dates, coupled with their request for a "first up" trial setting. Despite Magistrate Judge Snow's prior explanation that a first up setting cannot be guaranteed on a District Judge's docket, the Parties appear to proceed as though that limitation may not apply to their case. Unfortunately, under the current ongoing *McGirt* crisis, criminal dockets and trials take precedent. This was the case in April 2024 when the Parties appeared for their Scheduling Conference and remains the case today and for the foreseeable future.

This being said, the Court is sympathetic to the needs for additional discovery time. Accordingly, the Motion to Amend the Scheduling Order is GRANTED in part and DENIED in part. The Parties are permitted an additional 30 days for discovery and the deadlines following. The Parties are advised that the issuance of the Amended Scheduling Order will be referred to Magistrate Judge Snow, who will file an Amended Scheduling Order indicating the new deadlines in conjunction with this Order.

IT IS SO ORDERED this 6th day of May, 2025

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA